UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 20 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

AIRIZ COLEMAN BEY, )
 )
Plaintiff, )
 )
v. ) Civil Action No.: 1:18-cv-01852 (UNA)
 )
PETER J. KONTOS, *et al.*, )
 )
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis* ("IFP"). The Court will grant the IFP application and dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

The complaint, as pled, is nearly incomprehensible. Plaintiff is a resident of Ohio. Compl. at caption. He has sued multiple defendants, all of whom appear to be judges, attorneys, and police officers, located in Ohio or Pennsylvania. *Id.* The complaint is titled, "Violation Warning of Denial of Rights Under Color of Law" and cites 42 U.S. Code § 1983. *Id.* Plaintiff goes on to cite numerous federal statutes, primarily criminal in nature. *Id.* at 2-6. Despite having filed a civil action, the complaint consists mostly of "cut and pasted" statutory language relating to federal crime reporting and obstruction of justice. *Id.*

Plaintiff fails to articulate a claim against any defendant. He includes a few anecdotal paragraphs which lack any context. For example, plaintiff states that a crime occurred [sic] ". . . as management personnel at United Airlines and within the FAA interfered with FAA inspectors

1

attempts to report major air safety violations and criminal cover-ups of them by false statements to inspectors and falsified air safety documents. Many fatal crashes occurred between 1958 and 1978 that were caused or made possible by these criminal activities." *Id.* at 5 ¶ 3. Plaintiff also refers to himself as "Stitch," throughout portions of the complaint, *id.* at 4 ¶¶ 3-4, and alleges that federal judges have generally retaliated against his ". . . group of government insiders . . ." because they have attempted to report federal crimes. *Id.* at 4 ¶¶ 2-3. Plaintiff seeks "damages," however, the amount or type of relief sought is unknown. *Id.* at 2 ¶ 2.

Plaintiff also attaches approximately 105 pages of exhibits ("Exs."). The exhibits only serve to further confuse this matter. The exhibits include, among others: portions of the Ohio constitution, Notes of Interpretation from the Delegation of Colombia, a Journal of the Pennsylvania House of Representations from 1933, "Canons of Positive Law" printed from "one-heaven.org," and a Consent Order regarding New York banking law. Exs. at 1, 20, 26, 30, 35.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff fails to raise a cogent federal question. Any causes of action are wholly unclear and plaintiff has not articulated any specific claims against any named defendant. Furthermore, plaintiff fails to satisfy the burden to establish diversity jurisdiction. Therefore, this case will be dismissed for want of subject matter jurisdiction. A separate Order accompanies this Memorandum Opinion.

Date: August 17, 2018

_____
United States District Judge